UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALBERTO RONDON,

                    Plaintiff,

      - against -

POLICE OFFICER CARLOS NIEVES,
POLICE OFFICER RALFI HERNANDEZ &
POLICE OFFICER CRUZ OF THE 33RD
PRECINCT,

                    Defendants.
------------------------------------------------------------X

COMPLAINT

Civ. No.   CV

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Plaintiff, by his attorney, GIORDANO LAW OFFICES PLLC, complaining of defendants, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

      1.      Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 *et. seq.* and 42 U.S.C. § 1981 for incidents of police brutality and deprivation of protected rights, including rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on various dates in 2011, when police officers employed by THE CITY OF NEW YORK 33 Precinct used excessive force, wrongfully detained, falsely arrested and maliciously prosecuted Plaintiff ALBERTO RONDON in New York County, New York.

      2.      Plaintiff is an artist and choreographer who is well-known in his neighborhood. Plaintiff is regularly retained to paint murals for people in Washington Heights, including local merchants and private individuals. Prior to painting the exteriors of buildings and vehicles as requested by his customers, Plaintiff regularly obtains a signed "permission agreement."

      3.      On several occasions, despite having permission from the owners to paint their property, Defendants have harassed Plaintiff and arrested him for criminal mischief (damage to

property) and related offenses for lawfully painting his artwork.

4. Defendant Police Officer CARLOS NIEVES of the 33 Precinct, in particular, has harassed him on several occasions and has stalked Plaintiff for no justified or legal reason.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 42 U.S.C. § 1983 et. seq., 42 U.S.C. § 1981 and the First, Fourth and Fourteenth Amendments to the United States Constitution.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because all defendants are subject to personal jurisdiction in this District.

7. This action was commenced within three years after the cause of action herein accrued

## THE PARTIES

8. At all relevant times, Plaintiff is a resident of New York County, New York.

9. At all times relevant hereto, defendants POLICE OFFICER CARLOS NIEVES, POLICE OFFICER RALFI HERNANDEZ, and POLICE OFFICER CRUZ acted in their official capacities, and were employees, agents, or servants of the City of New York, acting under color of state law, within the meaning of 42 U.S.C. § 1983 et. seq.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICERS CARLOS NIEVES AND CRUZ

10. On or about March 18, 2011, while Plaintiff ALBERTO RONDON was walking near the intersection of West 174th Street and Amsterdam Avenue, New York County, New York, Defendant Police Officer CARLOS NIEVES ("NIEVES") and Defendant Police Officer CRUZ

("CRUZ") approached him. Defendant CRUZ told Plaintiff that Defendant NIEVES has been looking for him and questioned him about what he was doing. Without justification or probable cause, NIEVES threw Plaintiff against a building, breaking Plaintiff's glasses and bruising the side of his face. Defendant CRUZ handcuffed Plaintiff, tightening the handcuffs excessively. When Plaintiff told Defendant CRUZ that the handcuffs were on so tightly that his fingers were numb, Defendant CRUZ tightened the handcuffs further, causing Plaintiff severe continuing pain and numbness.

11. Defendants NIEVES and CRUZ, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants handcuffed Plaintiff, brought him to the 33 Precinct, held him under arrest and caused criminal charges to be filed against him for Disorderly Conduct and Failure to Disperse, Summons 432945152-9, which were ultimately dismissed by the New York County Criminal Court.

12. As a result of the foregoing, Defendants NIEVES and CRUZ, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the First, Fourth and Fourteenth Amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

13. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICERS CARLOS NIEVES AND CRUZ

14. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

15. On or about March 18, 2011, Defendants NIEVES and CRUZ acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such charges were dismissed and terminated in his favor.

16. As a result of the foregoing, Defendants NIEVES and CRUZ, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the First, Fourth and Fourteenth Amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

17. As a result of the foregoing, Plaintiff ALBERTO RONDON was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

### AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICERS NIEVES AND CRUZ

18. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

19. On or about March 18, 2011, Defendants NIEVES and CRUZ, in a hostile manner and without the consent of Plaintiff, threatened and caused intentional harmful bodily contact with Plaintiff as described herein.

20. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

21. As a result of the foregoing, Defendants NIEVES and CRUZ, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff ALBERTO RONDON of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

### AS AND FOR A FOURTH CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER CARLOS NIEVES

22. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. On or about March 20, 2011, Plaintiff ALBERTO RONDON was spray painting a mural on the exterior wall of a Laundromat at 2220 Amsterdam Avenue, New York County, New York. Plaintiff was previously hired by and obtained written permission from the manager of the Laundromat, Mr. Jans Cruz, to paint the mural.

24. On or about March 20, 2011 at approximately 4:00 p.m., Defendant NIEVES approached Plaintiff as he was painting the wall at 2220 Amsterdam. NIEVES told Plaintiff that he could not paint on the wall, but Plaintiff informed NIEVES that he had written permission from

the owner of the Laundromat at his home.

25. On or about March 20, 2011, Defendant NIEVES, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendant NIEVES arrested Plaintiff and caused criminal charges to be filed against him for Criminal Mischief 4th Degree and Making Graffiti, which were ultimately dismissed by the New York County Criminal Court.

26. As a result of the foregoing, Defendant NIEVES, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the First, Fourth and Fourteenth Amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

27. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

## AS AND FOR A FIFTH CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER CARLOS NIEVES

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. On or about March 20, 2011, Defendant NIEVES, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such charges were dismissed and terminated in his favor.

30. As a result of the foregoing, Defendant NIEVES, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the First, Fourth and Fourteenth amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

31. As a result of the foregoing, plaintiff ALBERTO RONDON was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

## AS AND FOR A SIXTH CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER RALFI HERNANDEZ

32. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. On or about October 20, 2011, Plaintiff ALBERTO RONDON was painting a mural on the side of a food truck parked on Amsterdam Avenue between West 159th Street and West 160th Street. In early October 2011, prior to beginning the mural, Plaintiff was hired by and obtained written permission from Mr. Juan Duncan, the owner of the truck.

34. At approximately 3:00 p.m. on October 20, 2011, Plaintiff was spray painting the side of the truck with his assistant Carlos Martinez when four police officers in an unmarked car pulled over and asked Plaintiff and his assistant for identification. Plaintiff and his assistant produced identification and the officers insisted that they were painting the truck illegally without

permission. Plaintiff immediately called one of the food truck workers, who produced the keys, title, and registration for the truck, and it was verified that Plaintiff had permission and authority to create his art on the space. The officers ignored this information.

35. Defendant Officer RALFI HERNANDEZ ("HERNANDEZ") proceeded to handcuff Plaintiff and his assistant. Defendant HERNANDEZ then went into Plaintiff's car to look through Plaintiff's belongings and ultimately confiscated Plaintiff's supplies from his car. Plaintiff was never given a voucher for his confiscated expensive supplies and has attempted many times unsuccessfully to retrieve them from the 33 Precinct since his arrest and the dismissal of his case.

36. On or about October 20, 2011, Defendant HERNANDEZ, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of ALBERTO RONDON, falsely arrested and imprisoned ALBERTO RONDON. Defendant handcuffed Plaintiff, brought him to the 33 Precinct, held him under arrest and caused criminal charges to be filed against him for Possession of Graffiti Instruments, which were ultimately dismissed by the New York County Criminal Court.

37. As a result of the foregoing, Defendant HERNANDEZ, acting under color of state law, violated 42 U.S.C. § 1983 et. seq, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the First, Fourth and Fourteenth Amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

38. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of

liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

## AS AND FOR SEVENTH CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER RALFI HERNANDEZ

39. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. On or about October 20, 2011, Defendant HERNANDEZ acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such charges were dismissed and terminated in his favor.

41. As a result of the foregoing, Defendant HERNANDEZ, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the First, Fourth and Fourteenth amendments, his right to free speech and artistic expression, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

42. As a result of the foregoing, Plaintiff ALBERTO RONDON was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
May 25, 2012

Yours, etc.,

Giordano Law Offices
**Attorney for Plaintiff**

By:_____
Carmen S. Giordano (CSG-3927)
226 Lenox Avenue
New York, NY 10027
(212) 406-9466